# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **John Lee Easley & Christine M. Easley**, | Bankruptcy No. 19-08104 |
| Debtors. | Honorable Judge LaShonda A. Hunt |

## NOTICE OF MOTION

**Please take notice** that on **June 5, 2020 at 9:15 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Judge LaShonda A. Hunt, United States Bankruptcy Judge for the Northern District of Illinois, or any judge sitting in his or her stead, in Joliet City Hall, 150 West Jefferson Street, 2nd Floor, Joliet, IL 60432, and shall then and there present the attached *Trustee's Motion for Turnover*, a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.CourtSolutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: May 27, 2020

        Cindy M. Johnson, not individually but as the chapter 7 trustee of the bankruptcy estate of John Lee Easley & Christine M. Easley,

By: */s/ Daniel J. Nickel*
One of her Attorneys

Zane L. Zielinski (6278776)
Daniel J. Nickel  (6278133)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191  /  773-981-4725 (Nickel)

f. 815-846-8516
e. trustee@zanezielinski.com
e. daniel@nickellawoffice.com

### Certificate of Service

I, Daniel J. Nickel, an attorney, hereby certify that on May 27, 2020, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Trustee's Motion for Turnover* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by U.S. mail to those parties listed below to be served by mail.

/s/ *Daniel J. Nickel*

### Service List

**VIA ELECTRONIC SERVICE**

David M. Siegel        davidsieglbk@gmail.com
　　Debtors' Counsel

Cindy M. Johnson       cmjtrustee@jnlegal.net
　　Chapter 7 Trustee

Zane Zielinski         zanezielinski@trustee.com

**CREDITORS WHO REQUESTED NOTICE – SERVED BY EMAIL ONLY**

PRA Receivables Management, LLC        claims@recoverycorp.com

**MANUAL SERVICE – VIA U.S. MAIL**

*Motion Respondent*
Timothy Clark
McGrath & Clark PC.
440 S. State Street
Manhattan, IL 60442

*Debtor*
Christine M. Easley
14136 Hunt Club
Plainfield, IL 60544

*Debtor*
John Lee Easley
14136 Hunt Club
Plainfield, IL 60544

2

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **John Lee Easley & Christine M. Easley,** | Bankruptcy No. 19-08104 |
| Debtors. | Honorable Judge LaShonda A. Hunt |

### TRUSTEE'S MOTION FOR TURNOVER ORDER

NOW COMES Cindy M. Johnson, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate of John Lee Easley & Christine M. Easley (collectively referred to as "Debtors"), and hereby requests the entry of a turnover order directing Timothy Clark and his law firm, McGrath & Clark PC ("Respondent" or "Clark") to turn over documents described in this Motion to the Trustee, and in support thereof states as follows:

1. The Trustee is informed that the Respondent, Timothy Clark and his law firm, McGrath & Clark PC, have documents related to the estate's potential assets, which include the Debtors' residential property in Plainfield, Illinois and cash funds the Debtors possibly used, prior to filing for bankruptcy, to pay off a claim for delinquent taxes (exceeding $50,000) against the property. In particular, Clark is an attorney who represented the Debtors in a case in Will County in connection with a tax sale of the Debtors' property due to unpaid real estate taxes. As more fully described below, a short time before they filed their chapter 7 petition, on information and belief, the Debtors obtained significant cash proceeds and paid same to the tax purchaser or other party in interest in exchange for the tax purchaser's release of its interest in the property. On

3

information and belief, the Respondent represented the Debtors in the foregoing transaction and also represented them in a state court proceeding that involved the sale of the Property due to unpaid taxes.

2. The Trustee files this motion out of an abundance of caution in order to obtain the Court's order directing the Respondent to turn over the documents. Trustee's counsel has spoken with the Respondent who has indicated he will produce the documents.

## BACKGROUND

3. On March 22, 2019 (the "Petition Date"), the Debtors filed a voluntary petition in this Court for protection under chapter 7 of the Bankruptcy Code.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. On May 21, 2019, a meeting of the Debtors' creditors was convened pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting"). This Court entered the discharge order on June 25, 2019.

6. On March 20, 2019 the Debtors transferred their residential real estate located at 14136 Hunt Club Lane, Plainfield, IL 60544 (the "Property") to a newly created land trust. **Exhibit 1**, Deed in Trust. Two days later on March 22, 2019, they filed their chapter 7 petition. However, at this stage of the Trustee's investigation, it is apparent that the Debtors did not disclose or record their Deed in Trust until after they received their discharge on June 25, 2019. They did not record the Deed in Trust until September, 2019, which was six months after the chapter 7 petition's filing. The Trustee only recently became aware of the Deed in Trust.

7. In connection with the Property and the Deed in Trust, the Trustee is further informed of the following and has a good faith belief that:

(a) The Property was sold at a tax sale prior to the Debtors filing their bankruptcy petition;

(b) the Debtors used or obtained $50,000 in cash which they transferred to a tax purchaser, or its agent, who had purchased their delinquent taxes on the Property, and the Debtors thereby received all of the tax purchaser's interest in the Property; and

(c) The Property has a market value in excess of $270,000 and is potentially free and clear of any liens or mortgages, and the Debtors have a 100% ownership interest therein.

8. The Trustee is informed that, in connection with the tax sale of the Property, there was a legal proceeding in Will County Circuit Court, *Interstate Funding v. [illegible]*, case no. 18 TX 142, that adjudicated the rights of the Debtors, the tax purchaser and other potential parties in the Property. The Trustee is informed that Respondent represented the Debtors, or other interested party, in that Will County case. **Exhibit 2**, June 5, 2019 Order.

9. In order to investigate the above-described incidents and potential assets of the estate, it is essential that the Trustee obtain the relevant documents from the Respondent who represented the Debtors in the transaction, and in the Will County state court proceeding that involved the Property's tax sale.

10.     Trustee requests that this Court enter an order that the Respondent and his law firm, McGrath & Clark PC, shall turn over the following documents to the Trustee within seven days:

(a) All documents that relate to the trust agreement SBL 4771, the trust agreement described in the Deed in Trust attached to this Motion as Exhibit 1, and the Property's transfer as described in Exhibit 1;

(b) All documents that relate to the Will County state court case, *Interstate Funding v. [illegible],* case no. 18 TX 142, which is described on the attached Exhibit 2, the legal and factual issues relating to all parties' rights/interests in the Property at issue in said case, and Respondent's representation of any parties therein.

WHEREFORE, the Trustee requests that this Court enter an order directing Timothy Clark and his law firm, McGrath & Clark PC, to turn over, within seven (7) days of this Order, the aforementioned documents and information, and grant the Trustee any other relief that is just and necessary in the circumstances.

RESPECTFULLY SUBMITTED,

6

May 27, 2020

        Cindy M. Johnson, not individually but as chapter 7 trustee for the bankruptcy estate of John Lee Easley & Christine M. Easley,

        By: *Daniel J. Nickel*
           One of her attorneys

Zane L. Zielinski (6278776)
Daniel J. Nickel (6278133)
**THE LAW OFFICE OF**
**ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d. 773-877-3191    (773-981-4725 – Nickel)
f. 815-846-8516
e. trustee@zanezielinski.com
e. daniel@nickellawoffice.com