# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>John L. and Christine M. Easley,<br>Debtors. | Chapter 7<br><br>Bankruptcy No. 19-08104<br><br>Honorable LaShonda A. Hunt |

**TO: Service list**

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **October 23, 2020 at 9:15 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable LaShonda A. Hunt, United States Bankruptcy Judge for the Northern District of Illinois, or whomever may be sitting in her place and stead, and then and there present the **Trustee's Rule 9019 Motion To Approve Settlement of Claims against Adversary Defendant and to Limit Notice,** a copy of which is attached hereto and hereby served on you.

This motion will be presented and heard telephonically using AT&T Teleconference. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must call in to the hearing using the following information—Toll Free Number: 1-888-557-8511; Access Code: 7490911.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.



Dated: September 23, 2020

Respectfully submitted,

Cindy M. Johnson, not individually but as the chapter 7 trustee of the bankruptcy estate of John L. and Christine M. Easley,

By: /s/*Daniel J. Nickel*
Of Counsel to the Trustee

Zane L. Zielinski (6278776)
Daniel J. Nickel (6278133)

**THE LAW OFFICE OF**
    **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191 / 773-981-4725 (Nickel)
f.  815-846-8516
e.  trustee@zanezielinski.com
e.  Daniel@nickellawoffice.com

## CERTIFICATE OF SERVICE

    I, Daniel Nickel, an attorney, hereby certify that on September 23, 2020, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Trustee's Motion to Approve Settlement of Claims against Defendants and to Limit Notice (without exhibits)*, to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all creditors that have timely filed claims and other interested parties as listed on the Service List below, by depositing same in the U.S. mail drop box at One North State, Chicago, Illinois on September 23, 2020. *With regard to exhibits, the Trustee will provide the Motion's exhibits to any party who requests.*

                                                        */s/ Daniel J. Nickel*

**Mailing Information for Case No. 19-08104**

<u>ECF SERVICE LIST</u>

- David M. Siegel, Debtor's attorney      davidsiegelbk@gmail.com
- Patrick S Layng      USTPRegion11.ES.ECF@usdoj.gov
- Cindy M. Johnson, Ch. 7 Trustee      cmjtrustee@jnlegal.net
- Zane Zielinski      trustee@zanezielinski.com

<u>MANUAL SERVICE LIST - VIA U.S. MAIL</u>

**Debtors**
John Lee & Christie Easley
14136 Hunt Club
Plainfield, IL 60544

**All Creditors that Filed**
<u>**Proof of Claim**</u>

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400

Valhalla, NY 10595

Quantum3 Group LLC as agent for
Galaxy International Purchasing LLC
PO Box 788
Kirkland, WA 98083-0788

U.S. Department of Education
c/o FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA 98083-0788

Capital One Bank (USA), N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

The Bank of Missouri
PO Box 105555
Atlanta, GA 30348

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

ONEMAIN
PO Box 3251
Evansville, IN 47731-3251

Dental Assoc. of Plainfield
c/o Collection Professionals Inc.
P.O. Box 416
LaSalle, IL 61301

Navient Solutions, LLC.
220 Lasley Ave
Wilkes-Barre, PA 18706

T Mobile/T-Mobile USA Inc
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Verizon
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

IRS
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Verizon
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Quantum3 Group LLC as agent for
MOMA Trust LLC
PO Box 788
Kirkland, WA 98083-0788

PYOD, LLC
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602

Cottonwood Financial Illinois, LLC.
1901 Gateway Dr., Ste 200
Irving, TX 75038

Portfolio Recovery Associates, LLC
c/o Lane Bryant
POB 41067

2

                                                    Norfolk VA 23541

MIDLAND FUNDING LLC  
PO BOX 2011  
WARREN, MI 48090

Portfolio Recovery Associates, LLC  
c/o Hh Gregg  
POB 41067  
Norfolk VA

Doran Hayes  
777 Commercial St SE, Unit 324  
Salem, OR  97301-0061

Portfolio Recovery Associates, LLC  
c/o Hh Gregg  
POB 41067  
Norfolk VA

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| John L. and Christine M. Easley, | Bankruptcy No. 19-08104 |
| Debtors. | Honorable LaShonda A. Hunt |

**TRUSTEE'S RULE 9019 MOTION TO APPROVE SETTLEMENT
OF CLAIMS AGAINST ADVERSARY DEFENDANTS AND TO LIMIT NOTICE**

Cindy M. Johnson, not individually but as the chapter 7 trustee of the bankruptcy estate of John L. and Christine M. Easley ("Debtors"), by and through her attorneys and pursuant to Federal Rule of Bankruptcy Procedure 9019, respectfully requests entry of an order approving the Trustee's Settlement of Claims Against Adversary Defendants and to Limit Notice, and in support thereof states as follows:

**JURISDICTIONAL BACKGROUND**

1. On March 22, 2019 (the "Petition Date"), the Debtors filed a voluntarily petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Cindy M. Johnson ("Trustee") is the duly appointed Chapter 7 Trustee herein.

3. The Debtors appeared at the Section 341 meeting on May 21, 2019.

4. The Court is the proper venue for this proceeding pursuant to 28 U.S.C. 1409(a).

**PROCEDURAL BACKGROUND**

4

5. Among the assets of the Estate are multiple claims under Sections 548 and 549 and Section 363 (violation of the automatic stay) of the Bankruptcy Code (together, the "Claims") against the following transferees:

> a) Maxx, Inc., as beneficial owner of Trust Agreement dated March 13, 2019 and known as Trust No. SBL-4771;
>
> b) The Chicago Trust Company, N.A., as Trustee of Trust No. SBL04771, and
>
> c) The Trust Agreement Dated March 13, 2019 and known as Trust No. SBL-4771 (collectively and together, the "Defendants").

6. The Trustee has prepared a draft adversary complaint against the Defendants but has not yet filed it, pending negotiations for a settlement. The draft adversary complaint is attached hereto as Exhibit 1.

7. Specifically, and as more fully described in the draft complaint, the Trustee asserted Section 548 and 549 claims against the Defendants in connection with a transfer of the Debtor's real estate, and a Section 363 claim for violation of the automatic stay (the "Claims").

8. More specifically, the Debtors transferred the real estate known as 14136 Hunt Club Lane, Plainfield, Illinois, having pin no. 06-03-02-401-043-0000 (the "Property"), their personal residence, to the above-described Defendants, on or about March 20, 2019 (the "Transfer"). Exhibit 2, Deed in Trust. A few days later, the Debtors filed their chapter 7 petition but did not disclose the Transfer. Neither the Debtors or Defendants recorded the Deed in Trust until six months later, in September, 2019.

9. Upon review of all relevant facts, the Trustee believes the net value of the Claims is approximately $140,000. The gross value of the Property is $270,000, however the liens, encumbrances and all expenses reduce the net value to $140,000.

10. The Trustee has reached a settlement agreement (the "Settlement Agreement") with the Defendants which has the following material terms:

   a) Defendants' payment to the Estate of $67,500, to be paid in a lump sum within 14 days of this Court's order approving settlement, in exchange for the Trustee's performance of the terms below;

   b) Trustee gives full release of all claims against the Defendants, and will provide a release of the *lis pendens* filed against the real estate at issue; and

   c) The Defendants give a mutual full release to the Trustee.

11. Given the cost to litigate against the Defendants and the value to creditors and the estate of receiving funds by voluntary payment, and more quickly, the proposed settlement of $67,500 promptly, in a lump sum is a reasonable settlement compared to the $140,000 net value of the Claims.

**RELIEF REQUESTED**

12. The Trustee respectfully requests the entry of an order authorizing the Trustee to settle the Claim against Defendants in return for a total payment of $67,500.00 in connection with the above described terms, to be memorialized in an agreed order.

**BASIS FOR APPROVING SETTLEMENT**

13. Pursuant to Bankruptcy Rule 9019(a), after notice and a hearing, the Court may approve a settlement or compromise. Fed. R. Bankr. P. 9019. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000).

14. A bankruptcy judge has discretion whether to approve a settlement agreement. *In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987). The Court's discretion hinges upon whether the settlement is fair and equitable and in the best interest of the estate. *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994) (citations omitted).

15. In making its determination, this Court must first compare the terms of the settlement with the probable costs and benefits of litigation. *Id. (quoting Protective Committee for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)) (the Court should try to apprise itself "of all facts necessary for an intelligent and objective opinion on the probabilities of ultimate success should the claim be litigated."). The Court should:

> Form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of the litigation.

*Id.* The Court should also consider the delay involved if the settlement is not approved "including the possibility that disapproving the settlement will cause wasting of assets." *Amer. Reserve Corp.*, 841 F.2d at 161.

15. Second, the Court should determine whether the settlement falls within the reasonable range of litigation possibilities. *In re Energy Coop.*, 886 F.2d 921, 929 (7th Cir. 1989). Such inquiry does not, however, require an evidentiary hearing, (*Depoister*, 36 F.3d at 586), or a mini trial of the facts. *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993). Moreover, the latter determination is to be weighted in favor of settlement, since a challenged settlement fails the test only if it falls below the lowest point in the range of reasonableness. *In re Telesphere Comm., Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (internal citations omitted).

16. In this case, the Trustee believes the Settlement Agreement is fair and reasonable. The Trustee believes that the Settlement Agreement avoids incurring expenses to further litigate.

17. By entering into the Settlement Agreement, the Trustee will be able to reduce the potential administrative costs to the bankruptcy estate.

## **NOTICE**

18. The Trustee has served at least twenty-one (21) days' written notice of this motion to the Debtors, all creditors who timely filed a claim and all parties who requested notice. To the extent that notice may be required to any scheduled creditors who did NOT file a claim, the Trustee requests that the Court limit notice to creditors who timely filed a claim. Pursuant to Fed.R.Bankr.P. 2002(h), the Trustee requests that this Court approve the notice.

8

WHEREFORE, Cindy M. Johnson, not individually but as Chapter 7 Trustee of the bankruptcy estate of John L. and Christine M. Easley, respectfully requests the entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure:

(i) Granting the Motion;

(ii) Approving the terms of settlement;

(iii) Limiting notice to creditors who timely filed a claim and otherwise deeming that sufficient notice of this Motion was given; and

(iv) Granting such other and further relief as is just.

Dated: September 23, 2020

Respectfully submitted,

Cindy M. Johnson, not individually but as the chapter 7 trustee of the bankruptcy estate of John L. and Christine M. Easley,

By: /s/*Daniel J. Nickel*
 Of Counsel to the Trustee

Zane L. Zielinski (6278776)
Daniel J. Nickel (6278133)
**THE LAW OFFICE OF**
 **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d. 773-877-3191
f. 815-846-8516
e. trustee@zanezielinski.com
e. Daniel@nickellawoffice.com



9