**DRAFT COMPLAINT**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**JOHN L. EASLEY & CHRISTIE M. EASLEY,**<br><br>Debtors. | Chapter 7<br><br>Bankruptcy No. 19-08104<br><br>Honorable Judge LaShonda A. Hunt |
| **CINDY M. JOHNSON, not individually but as the Chapter 7 Trustee of the Estate of John L. Easley and Christie M. Easley,**<br><br>Plaintiff,<br><br>v.<br><br>**MAXX, INC., as beneficial owner of Trust Agreement dated March 13, 2019 and known as Trust No. SBL-4771, THE CHICAGO TRUST COMPANY, N.A., as Trustee of Trust No. SBL04771, and THE TRUST AGREEMENT DATED MARCH 13, 2019 AND KNOWN AS TRUST NO. SBL-4771,**<br><br>Defendants. | Adversary No. |

**COMPLAINT TO AVOID FRAUDULENT TRANSFER AND POST-
PETITION TRANSFER AND OTHER RELIEF**

Cindy M. Johnson, not individually but as the chapter 7 trustee (the "*Trustee*" or "*Plaintiff*") of the bankruptcy estate (the "*Estate*") of John L. Easley & Christie M. Easley (the "*Debtors*"), brings this adversary action against the above referenced Defendants and states the following in support:

**JURISDICTION AND VENUE**

1. This adversary proceeding arises in the Debtors' Chapter 7 bankruptcy case, pending before this Court as case number 19-08104 (the "*Case*").

**DRAFT COMPLAINT**

2. On March 22, 2019 Debtors filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. § 101, *et seq.*, the "Bankruptcy Code") commencing the underlying bankruptcy Case (the "***Petition Date***").

3. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

4. This is a core proceeding under 28 U.S.C. §157(b)((2)(B), (E) and (H), and this Court has constitutional authority to enter final judgments and orders thereon. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409.

**BACKGROUND FACTS**

**I.    The Parties.**

6. Plaintiff is the duly appointed chapter 7 trustee of the Estate.

7. John L. Easley and Christie M. Easley are the Debtors in the underlying bankruptcy Case.

8. Maxx, Inc. is an Illinois corporation in good standing, located in Vernon Hills, Illinois.  On information and belief, Mitchell Rattner ("Rattner") is its president and owner.

9. On information and belief, Maxx, Inc. is the 100% beneficial owner of a certain land trust that was established pursuant to the Trust Agreement dated March 13, 2019 and known as Trust No. SBL-4771 (the "Land Trust").  As described herein, the Land Trust purports to have had title to the Debtors' residential real estate pursuant to a Deed in Trust, since March 20, 2019 until the present. **Group Exhibit 7**, Trust Agr. Dated March 13, 2019, known as Trust No. SBL-4771 (also referred to as the "Land Trust") with Corporate Resolution adopting same on September 23, 2019.  **Exhibit 5**, Deed In Trust of March 20, 2019 ("Deed in Trust").

2

**DRAFT COMPLAINT**

10. The Chicago Trust Company, N.A. ("CTC"), is the trustee of the foregoing Land Trust.

11. Interstate Funding Corp. ("Interstate") and its corporate affiliate, Galaxy Sites LLC ("Galaxy"), are Illinois corporate entities in good standing, located in Evanston, Illinois that purchased and took title to certain residential real estate of the Debtors, as more fully described below, by payment of delinquent real estate taxes owed to the Will County Clerk.

## II. The Real Estate and its Sale for Delinquent Taxes

12. In 2010, the Debtors took a one-hundred percent interest, by way of a warranty deed, in the property located at 14136 Hunt Club Lane, Plainfield, Illinois, having pin no. 06-03-02-401-043-0000 (the "Property"). They have lived at the Property as their residence until the present date.

13. On information and belief, the Property's actual fair market value is in excess of $270,000.

14. The Debtors became delinquent in the real estate taxes owed on the Property. According to the records of the Will County Clerk, on or about December 3, 2015, the Property was sold to Interstate Funding Corp. ("Interstate") for payment of $22,428.87 (the "Tax Sale") in delinquent taxes and certificate of purchase no. 14-000482 was issued to Interstate's affiliate company, Galaxy Sites LLC ("Galaxy"). The foregoing were issued in the Will County Circuit Court in tax sale case no. 18 TX 142 (the "Tax Sale Case"). **Group Exhibit 1**, Interstate's Application for Tax Deed and Certificate of Purchase.

15. After the Tax Sale, the Debtors did not redeem the Property as provided for under the Illinois Property Tax Code.

16. In the Tax Sale Case, the Will County Circuit Court entered a default judgment in favor of the tax purchaser, and on or about April 10, 2019 issued an order directing the Will County Clerk to issue a tax deed to Galaxy.

17. Thereafter, the Will County Clerk issued the tax deed on the Property to Galaxy, which was recorded on April 15, 2019. **Exhibit 2**, Tax Deed.

## III. The Debtors' Chapter 7 Petition

18. On March 22, 2019, the Debtors filed their voluntary petition under Chapter 7 (the "Chapter 7 Petition") in the United States Bankruptcy Court.

3

**DRAFT COMPLAINT**

19. On the same date, they filed their original schedules and statement of financial affairs which are attached hereto as **Exhibit 3**.

### IV. The Debtors' Pre-Petition Transfer of the Property to Defendants

20. On or about March 20, 2019, and *two days prior to filing their Chapter 7 Petition*, the Debtors executed a Deed in Trust that transferred the Property, and any/all interest they had in the Property, to the Land Trust. **Exhibit 5**, Deed in Trust.

21. On information and belief, the Debtors and the Defendants made the foregoing March 20, 2019 transaction based upon terms that are more fully described in the allegations in Section V below.

22. The Defendants and the Debtors concealed the Property's transfer, via the Deed in Trust, and did not record it, as required by law, within a reasonable time of the transaction. After executing the Deed in Trust, Maxx Inc. waited six months before recording it on September 17, 2019. Exhibit 5.

### V. Transaction by the Debtors and Maxx Inc. to Recover Interest in the Property

23. Fourteen days after filing the Chapter 7 Petition, on April 5, 2019, the Debtors appeared through counsel in the Tax Sale Case and filed a motion to vacate the state court's aforementioned judgment on the tax sale and that court's order to issue the Tax Deed to Galaxy.

24. At no time did the Debtors or any other party move for relief from the automatic stay that took effect upon the Debtors' filing their Chapter 7 Petition.

25. During the pendency of the Tax Sale Case, the Debtors and Galaxy negotiated a settlement to resolve the Debtors' motion to vacate that Debtors filed in state court. On or about June 5, 2019, the Debtors and Galaxy entered an Agreed Order that memorialized terms of their settlement and issued the following relief to the Debtors:

    a. Vacated the April 10, 2019 order directing the Will County Clerk to issue the Tax Deed;

    b. Voided the Tax Deed and declared it "ineffective to transfer title to the Property"; and

**DRAFT COMPLAINT**

  c. Ordered Debtors to "comply with Section 22-80 of the Property Tax Code within 90 days" (i.e., pay the tax delinquency).

26. On or about June 26, 2019, the Debtors' counsel submitted a check from the law firm's trust account for $53,830.32 to Galaxy. **Group Exhibit 4**, Check #1120 to Galaxy; Check # 3059 from Maxx Inc. to McGrath and Clark P.C.  All of the funds were provided by Maxx Inc.. On information and belief, Debtors contended or believed at the time that they were obligated, and had an alleged right under the Property Tax Code's section 22-80 to pay, or procure another party on their behalf to pay, said amount (the "22-80 Payment") to Galaxy to reimburse Galaxy for the latter's payment of delinquent taxes on the Property.

27. On information and belief, *and prior to* filing the Debtors' Chapter 7 Petition, the Debtors entered into an agreement with Maxx Inc., in connection with the Property and the Debtor's alleged obligation to make the 22-80 Payment, that contained the following terms:

  a. Maxx Inc. would provide all of the funds needed for the 22-80 Payment or would otherwise directly pay the 22-80 Payment to Galaxy;

  b. In return for same, Debtors would transfer all of their right and interest in the Property to a Land Trust owned and controlled by Rattner; and

  c. Maxx Inc. would allow and otherwise agreed that Debtors could live rent-free as tenants at the Property for a period of three years after transferring their interest to Maxx Inc..

28. On or about March 20, 2019, and *two days prior to filing their Chapter 7 Petition*, the Debtors executed a Deed in Trust that transferred the Property to the Land Trust. **Exhibit 5**, Deed in Trust.

29. At a later date, on June 19, 2019, Maxx Inc. provided the funds to pay the 22-80 Payment to Galaxy by issuing a check for $53,830.32 to McGrath & Clark PC Trust Account. Gr. Exh. 4.

30. At no time did the Debtors, Maxx Inc. or any other party move in the Bankruptcy Court for relief from the automatic stay.

31. Maxx Inc. and the Debtors concealed the Property's transfer, via the Deed in Trust, and did not record it, as required by law, within a reasonable time of the transaction.

5

**DRAFT COMPLAINT**

After executing the Deed in Trust, Maxx Inc. waited six months before recording it on September 17, 2019. Exhibit 5.

32. In her preliminary investigation of the Debtors' estate, the Trustee conducted the 341 examination of the Debtors on or about May 21, 2019, wherein the Debtors represented that they had an interest in the Property. Accordingly, the Trustee filed a *lis pendens* and notice of bankruptcy, in connection with the Property, with the Will County Recorder of Deeds on or about June 14, 2019. **Exhibit 6**, *Lis Pendens*.

## COUNT I – AVOIDANCE AS CONSTRUCTIVE FRAUDULENT TRANSFER 11 U.S.C. § 548(a)(1)(B)

*(All Defendants)*

1-32. The Trustee incorporates each of the foregoing background factual allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

33. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

34. Section 548 of the Bankruptcy Code provides that

> [t]he trustee may avoid any transfer…of an interest of the Debtors in property…that was made…on or within 2 years before the date of the filing of the petition, if the Debtors voluntarily or involuntarily—
> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

11 U.S.C. § 548(a)(1)(B).

35. The Tax Sale that occurred in December, 2015, as well as the issuance of the Tax Deed in April, 2019 and the transfer by Deed in Trust of March 20, 2019, constituted transfers of an interest in the Debtors' property.

36. All of the foregoing transfers were made within two (2) years of the Petition Date.

6

**DRAFT COMPLAINT**

37. Galaxy did not pay a reasonably equivalent value for the Property in purchasing the Property at the Tax Sale or in taking title vis-à-vis the Tax Deed, nor did the Debtors receive reasonably equivalent value in exchange thereof.

38. The transfers made at the Tax Sale, and at the issuance and recording of the Tax Deed, were made while the Debtors were insolvent.

39. Because of the Tax Sale, the Debtors were left with insufficient funds to pay other creditors. Moreover, because of the Transfer that occurred by way of the Tax Deed, the Debtors were left with insufficient funds to pay other creditors.

40. Maxx Inc. did not pay a reasonably equivalent value for the Property in its transfer vis-à-vis the Deed in Trust, nor did the Debtors receive reasonably equivalent value in exchange thereof.

41. The transfer made by the Deed in Trust was made while the Debtors were insolvent. Because of the Tax Deed, the Debtors were left with insufficient funds to pay other creditors.

WHEREFORE, the Trustee respectfully requests entry of a judgment avoiding the Transfer as intentional fraudulent transfers under 11 U.S.C. § 548(a)(1)(A), declaring the Transfer of the Property as null and void under 11 U.S.C. § 362, awarding the Trustee a monetary judgment in her favor for the fair market value of the Property and against the Defendants in an amount in excess of $100,000, and for such other and further relief as is warranted.

## COUNT II – AVOIDANCE OF POST-PETITION TRANSFER
## 11 U.S.C. § 549(a)(2)(B)

*(All Defendants)*

1-32. The Trustee incorporates each of the foregoing background factual allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

33. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

34. Section 549 of the Bankruptcy Code provides that

> [t]he trustee may avoid a transfer of property of the estate . . .

7

Case 19-08104   Doc 37-1   Filed 09/23/20   Entered 09/23/20 16:42:55   Desc Exhibit 1 Draft Adversary Complaint   Page 8 of 11

**DRAFT COMPLAINT**

> (1) that occurs after the commencement of the case; and
> (2) . . . (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a)(1)-(2)(B).

35. On the Petition date and at all times thereafter, the Debtors had an interest in the Property and the Property was otherwise property of the Debtors' estate.

36. On the Petition Date, the automatic stay went into effect and by operation of law, stayed any action against the Debtors' property or interests in property, including the real Property described herein. 11 U.S.C. 362(a)(3).

37. Any transfer of the Property or an interest in the Property, constitutes a transfer of an interest in the Debtors' property.

38. The transfer of the Property that occurred vis-à-vis, *inter alia*, the issuance of the Tax Deed and the recording of the Deed in Trust, occurred after the commencement of the Case.

39. Neither the Defendants, Galaxy nor any other party moved for relief from the automatic stay in connection with its/their interest in the Property.

40. The Will County Clerk's issuing of the Tax Deed and Galaxy's recording thereof were in violation of the automatic stay, and said actions were null and void.

41. The Transfer was not authorized by this Court or the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests entry of a judgment avoiding the Transfer under 11 U.S.C. § 549(a)(1)-(2)(B), declaring the Transfer of the Property as null and void under 11 U.S.C. § 549(a)(1)-(2)(B) and § 362, awarding the Trustee a monetary judgment in her favor for the fair market value of the Property and against the Defendants in an amount in excess of $100,000, and for such other and further relief as is warranted.

### COUNT III – VIOLATIONS OF THE AUTOMATIC STAY
### 11 U.S.C. § 362
(*All Defendants*)

1-41. The Trustee incorporates each of the foregoing background factual allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

42. As of the Petition Date, the Debtors' interest in the Property came within the protective scope of the automatic stay provisions of 11 U.S.C. § 362(a)(3).

8

**DRAFT COMPLAINT**

43. On information and belief, each Defendant is a commercial entity that has significant experience in dealing with distressed real estate properties, purchasing real estate properties at sales for delinquent taxes, and also has significant knowledge and experience concerning Section 362's provision for the automatic stay and the Bankruptcy Code's application to real estate properties in which bankruptcy estates have an interest.

44. At all times relevant to the underlying bankruptcy proceeding, the Defendants knew or should have known of the pendency of the Debtors' bankruptcy case and that the Trustee asserted an interest in the Property.

45. On information and belief, the Defendants received actual notice of the Debtor's commencement shortly after the Petition Date.

46. On or about June 15, 2019, Galaxy received written notice of the Trustee's *lis pendens* filed on the Property.

47. The Trustee has made written request on the Will County Recorder and Galaxy to remove the Tax Deed from the Recorder's records on the Property or that they otherwise nullify and void the Tax Deed.

48. Upon receiving notice of the Debtor's bankruptcy and the Trustee's interest in the Property, the Defendants had a legal duty to withdraw or otherwise release their claims on the Property (and Galaxy had a legal duty to withdraw or release the Tax Deed), or to request relief from the automatic stay.

49. At the time of filing, the Defendants have not responded to the Trustee's request nor taken any action to remove or withdraw their claims on the Property (nor has Galaxy taken action to withdraw/release the Tax Deed), nor have they requested any relief from this Court.

50. Defendants' actions to exercise of control over property of the Debtors' estate, including all actions to effectuate their interest in the Property to the detriment of the estate and Debtors' creditors, constitute violations of the automatic stay.

51. The Trustee is an individual, pursuant to 11 U.S.C. § 362(h) (current section 362(k)(1)) who has been injured by the Defendants' (Galaxy's) violations of the automatic stay, in amounts including her fees and costs incurred in connection with the prosecution of this adversary proceeding.

**DRAFT COMPLAINT**

52. Pursuant to 11 U.S.C. § 362(h), the Trustee is entitled to (a) actual damages arising from Defendants (and Galaxy's) willful violations of the automatic stay, including the Trustee's professional fees and costs incurred in connection with the prosecution of this adversary proceeding, and (b) to the extent that this Court deems appropriate, punitive damages.

WHEREFORE, the Trustee respectfully requests entry of a judgment:

(i) Declaring that the Transfer of the Property to Defendants, and any transfer to Galaxy, is null and void as a violation of section 362 of the Bankruptcy Code.

(ii) Declaring that Defendants' (and Galaxy's) exercise of any control over the Property, and failure to move for relief from the automatic stay, including all actions to effectuate its interest in the Property to the detriment of the estate and Debtors' creditors, constitute willful violations of the automatic stay;

(iii) Awarding the Trustee actual damages, pursuant to 11 U.S.C. § 362(h), arising from the Defendants' (and Galaxy's) willful violations of the automatic stay, including the Trustee's professional fees and costs incurred in connection with the prosecution of this adversary proceeding;

(iv) Awarding the Trustee punitive damages, pursuant to 11 U.S.C. § 362(h), arising from Defendants' (and Galaxy's) willful violations of the automatic stay, in an amount that this Court deems appropriate;

(v) awarding the Trustee a monetary judgment in her favor for the fair market value of the Property and against Defendants in an amount in excess of $100,000; and

(vi) Granting such other relief as this Court deems just.

Dated: July 28, 2020

Respectfully submitted,

**Cindy M. Johnson,** not individually but as the chapter 7 trustee of the bankruptcy estate of **John L. Easley & Christie M. Easley**,

**DRAFT COMPLAINT**

By: /s/*Daniel J. Nickel*
One of her Attorneys

Zane L. Zielinski (6278776)
Daniel J. Nickel (6278133)
**THE LAW OFFICE OF
ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d. 773-877-3191
f. 815-846-8516
e. trustee@zanezielinski.com

11