UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| In Re: | ) | BK No.: 19-08104 |
| John Lee Easley & Christine M. Easley, | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable LaShonda Hunt |
| | ) | Joliet |
| Debtor(s) | ) | |

## ORDER APPROVING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND LIMITED NOTICE

THIS CAUSE COMING TO BE HEARD on the Trustee's Rule 9019 Motion To Approve Settlement Of Claims Against the Following Adversary Defendants, Maxx, Inc., beneficial owner of Trust Agreement of March 13, 2019 a/k/a Trust No. SBL-4771; The Chicago Trust Company, N.A., as Trustee of Trust No. SBL04771; and The Trust Agreement Dated March 13, 2019 and known as Trust No. SBL-4771 (collectively and together, "Maxx") and Approve Shortened Notice, (the "Motion"), due notice being given to all parties entitled thereto, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Motion is granted; the terms of the settlement agreement, as described in the Motion, and as set forth in paragraph 3 below are hereby approved.
2. As described in the Motion, notice of the motion is sufficient and limited notice is approved. To the extent notice is required of scheduled creditors, notice is limited to those creditors who timely filed a claim.
3. The following Essential Terms of the parties' settlement agreement are hereby approved:

A) Within twenty-one (21) days of the entry of a Bankruptcy Court order granting the Motion, Maxx shall pay to Trustee $67,500.00 (the "Settlement Payment") in settlement of all causes of action contained in the draft complaint attached to the Motion and any other cause of action that could have been brought by the Trustee on behalf of the estate;

B) Release of Maxx, and all parties named in the draft complaint, by the Trustee on behalf of the bankruptcy estate. Upon the receipt of good funds in connection with the Settlement Payment, the Trustee will release and discharge Maxx and all parties named as adversary defendants in the draft complaint from any and all claims, demands, debts, liens, causes of action, or liabilities, obligations, damages and liabilities of any nature whatsoever at law or in equity, whether known or unknown whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct or indirect, whether contingent or liquidated that she had or now have, or may claim to have, relating to the claims asserted by the Trustee in the draft complaint attached to the Motion and any other cause of action that could have been brought by the Trustee on behalf of the estate;

C) With regard to the lis pendens that the Trustee filed on the Real Estate more fully described in the Motion, the Trustee shall release the lis pendens and take all actions that are necessary to release the lis pendens and any interest the Trustee has in the Real Estate; and

D) Release of Trustee and the bankruptcy estate by Maxx. Upon the Trustee's foregoing release taking effect, Maxx, together with all parties named as adversary defendants in the draft

complaint, will release and discharge the Trustee and bankruptcy estate from any and all claims, demands, debts, liens, causes of action, or liabilities, obligations, damages and liabilities of any nature whatsoever at law or in equity, whether known or unknown whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct or indirect, whether contingent or liquidated that she had or now have, or may claim to have, including resulting claims under Section 502.

Enter:

Honorable LaShonda A. Hunt
United States Bankruptcy Judge

Dated: October 23, 2020

**Prepared by:**

Zane L. Zielinski (6278776)
Daniel J. Nickel (6278133)
THE LAW OFFICE OF ZANE L. ZIELINSKI, P.C.
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
P: 773-981-4725
Email: daniel@nickellawoffice.com